ORIGINAL CV 14 - 5060



ERIC SMITH, *Plaintiff, A Consumer*
81 WESTFIELD AVENUE
ROOSEVELT, NEW YORK 11575

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 26 2014 ★

LONG ISLAND OFFICE

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC SMITH | ) CASE NO: |
|     *Plaintiff(s)* | ) |
|     *vs.* | ) VERIFIED COMPLAINT |
| | ) |
| 131 E. AMES INC. and | ) |
| LEVY & LEVY, ESQ.; | ) |
|     *Defendant* (s) | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |

PATT, J.

LOCKE, M. J.

**COMES NOW,** the Plaintiff(s) ERIC SMITH complaining of the defendant(s) and each of them as follows;

### INTRODUCTION

1.  This action is an action brought by the Plaintiff for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

**I.**                          **THE PARTIES**

2. Plaintiff(s) "ERIC SMITH" is now and at all times relevant to this action a *natural* person. Plaintiff is a "Consumer" as that term is defined within 15 U.S.C. §1692a(3).

3.  Defendant "131 E. Ames, Inc." ("Debt Collector") is a limited liability corporation formed under the laws of the state of New York. It has a principle place of business located at 55 West Ames Court Plainview, NY 11803.

Defendant. 131 E. Ames, Inc. are "debt collectors" as that term is defined by 15 USC§1692a(6).

Defendant LEVY & LEVY, ESQ. are attorneys who are "Debt collectors" there principal business is debt collection and are "debt Collectors as defined in 15 U.S.C. 1692(a)(6).

II. **JURISDICTION AND VENUE**

5. The US District Court EASTERN DISTRICT OF NEW YORK has jurisdiction pursuant to 15 U.S.C. §1692 *et*, al, and 15 U.S.C. §1681p *et*, al, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of NEW YORK. Therefore venue is proper in the US District Court of NEW YORK.

III. **FACTUAL ALLEGATIONS**

6. Plaintiff brings this action regarding the defendants in their continued attempts to collect an alleged debt defendants claim is owed them.

7. The above-detailed conduct by the Defendant has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, and New York City Administrative Code section 20-493.2 and RCNY § Section 5-77 relates to the defendants even if they were collecting a legitimate debt. Plaintiff alleges for the record that the defendants are not "Creditors", "Lenders", nor "Mortgagees", and did the defendants neither provide any credit or services to Plaintiff. Nonetheless, the defendants are "debt collectors" pursuant to 15 USC §1692a(6). Plaintiff alleges the FDCPA states in part; The term "Creditor" as defined in 15USC 1692(a)(6), means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that

he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

10.   On or about August 27, 2007 the Plaintiff Eric Smith incurred an allege debt for personal, family, or household services from SOMERSET INVESTORS CORP. for $144,000.00 with interest computed at 12.25%.

12.   Plaintiff due to financial hardship was deemed to be in default by SOMERSET INVESTORS CORP. December 1, 2008.

13.   SOMERSET INVESTORS CORP initiated foreclosure proceedings against the Plaintiff September 9, 2009.

14.   SOMERSET INVESTORS CORP assigned the allege debt in default dated March 17th, 2010 to Plaintiff 131 E. Ames, Inc. while in the foreclosure action.

15.   Plaintiff 131 E. Ames, Inc. Foreclosed on May   2014.

16.   Defendant(s) 131 E. Ames, Inc. and LEVY & LEVY, ESQ. took an action they knew they were not legally allowed to take. Plaintiff prosecuted a "foreclosure".

## FIRST CAUSE OF ACTION
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND
## SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS, AND

17.   Defendants "131 E. AMES INC." was aware of their wrongful conduct. Defendant knew and approves of its agents, attorney to whom they hired to collect the alleged debts, who are involved in debt collection against the Plaintiff. Defendants "131 E. AMES INC." negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors in defendant "LEVY &

LEVY, ESQ", whom were allowed, or encouraged to violate the law as was done to the Plaintiff. Defendant "131 E. AMES INC." and "LEVY & LEVY, ESQ" are therefore responsible and liable to the Plaintiff for the wrongs committed against him, and the substantial damages suffered by Plaintiff.

18.  Therefore Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

## IV.        SECOND CAUSE OF ACTION
## VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT

19.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

20.  Plaintiff is a "consumer" as defined in 15 USC 1692a(3). Defendants "131 E. Ames, Inc." are "debt collectors as defined in 15 USC §1692a(6). Defendants were attempting to collect a debt for "household purposes 15 USC 1692a(5).

21.  Defendants violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

    a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b.  Defendant violated §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

c. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;

d. false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e;

22. Specifically defendants "131 E. Ames, Inc. and LEVY & LEVY, ESQ. knew they were not entitled to collect on the non-existent debt.

23. Defendants were fully aware that they were *unable* to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendants.

24. Defendants are therefore liable unto Plaintiff pursuant to 15 USC§1692k in the amount of $1000.00 plus punitive, consequential, and actual damages.

WHEREFORE, Plaintiff ERIC SMITH respectfully request that judgment be entered against defendants131 E. AMES INC. and LEVY & LEVY, ESQ.:

A. Declaratory judgment that defendants' conduct violated the FDCPA

B. Actual damages;

C. Statutory damages pursuant to 15 USC 1692k, New York City Administrative Code section 20-493.2 and RCNY § Section 5-77;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k and

E. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted

Dated: August 25, 2014

BY: _____

Eric Smith, *Consumer Plaintiff*

Marima Bankay 08/25/2014

MARIMA BANKAY
Notary Public, State of New York
No. 01BA6068565
Qualified in Queens County
Commission Expires Jan 07, 2018

INDIVIDUAL VERIFICATION

STATE OF NEW YORK)

:ss

COUNTY OF QUEENS)

Eric Smith sworn to, before me, being duly sworn, deposes and states that

deponent is a Plaintiff in the fore mentioned action individually ;

that deponent has read The foregoing VERIFIED COMPLAINT and knows the

contents thereof; and that the same is true to the deponent's own knowledge,

except as to the matters therein stated to be alleged on information and belief, and

that as to those matters, deponent believes them to be true.

_____,

Eric Smith

Sworn to, before me

This _26_ th day of August 2014

_____
NOTARY PUBLIC

MARIMA BANKAY
Notary Public, State of New York
No. 01BA6068565
Qualified in Queens County
Commission Expires Jan 07, 2018

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Summons and Complaint will be served upon defendant(s) party listed below in compliance with FRCP Rule 4;

RICHARD M BOWER
131 E. AMES INC
55 W AMES COURT
SUITE 400
PLAINVIEW, NY 11803


LEVY & LEVY ESQ.
12 Tulip Drive
Great Neck, NY 11021